# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIC – THE INDUSTRIAL COMPANY WYOMING, INC. and PIONEER TRAIL ENERGY L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> FACTORY MUTUAL INSURANCE COMPANY and IMA of KANSAS, INC., <br><br> Defendants. | Court No.: 4:10-cv-03153-CRZ <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> DISTRICT COURT OF HALL COUNTY, NEBRASKA, CASE NO. CI 10-682 |

The parties hereto, by and through their respective counsel, submit the following Stipulated Protective Order for entry as an order of the Court, and as grounds therefore state as follows:

1.  In the course of this litigation it is anticipated that the parties will disclose information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege (collectively "Confidential Information"). The entry of this Protective Order is necessary to protect such information. Accordingly, the parties have entered into this Stipulated Protective Order and request that the Court enter this Stipulated Protective Order to prevent the unnecessary disclosure of Confidential Information except as set forth herein.

2.  In this Protective Order, "Document" means a writing, as defined in F.R.E. 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electrical recording, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. A draft or non-identical

copy is a separate document within the meaning of this term. Documents may include without limitation, answers to interrogatories, responses to request for production, responses to requests for admission, depositions, and other information disclosed pursuant to the disclosure or discovery rules.

3. Any party may designate a Document as confidential provided that Document contains Confidential Information. If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "confidential" by the party designating it as such. Deposition transcripts or portions thereof may also be designated confidential. Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition transcript or portions thereof as confidential by providing written notice of the designation to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

4. Any party may object to a designation of a Document as confidential by giving written notice to the party designating the disputed document. For Documents disclosed after the date this Protective Order is signed by the Court, such written objection must be made within 15 business days of the receipt of the disputed Document. If such written objection is not made within 15 business days after the receipt of the disputed Document any objection to the designation is waived. For Documents disclosed before the date this Protective Order is signed by the Court, such written objection must be made within 15 business days of the date of the Court's signature. If such written objection is not made within 15 business days after the date of the Court's signature any objection to the designation is waived. The written objection shall identify the disputed Documents and the basis for the dispute. If the parties cannot resolve the written objection it shall be the obligation of the objecting party to file an appropriate motion requesting

that the Court determine whether the disputed Document should be subject to the terms of this Protective Order. Such motion must be filed within fifteen business days after the mailing of the written objection. If no such motion is timely filed, the Document shall remain confidential and any objection to the designation is waived. If such a motion is timely filed, the disputed Document shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the Document as confidential shall bear the burden of establishing the basis for that designation.

5. Any material designated confidential shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of the Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

   a. The parties and officers, directors or employees of a party;

   b. Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

   c. Expert witnesses and consultants retained in connection with this proceeding;

   d. Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master or Referee appointed by the Court; and

   e. Actual or potential deposition witnesses or trial witnesses in this action.

6. If a Document is designated confidential and is submitted to the Court, it shall be submitted under seal.

7. Any qualified person provided with confidential documents shall be informed of this stipulated Protective Order and shall be subject to its terms.

8. If information designated confidential pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for that disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

9. At the conclusion of this litigation, the parties shall return each Document and all copies thereof which have been designated confidential to the party who designated the Document confidential, or the parties may mutually agree to destroy Documents that have been designated confidential. Where the parties agree to destroy Documents that have been designated confidential, the destroying party shall provide all parties with an affidavit confirming the destruction. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding the litigation, including copies of Documents that have been designated confidential. Further, if a party had a Document or a copy thereof in his, her, or its possession prior to the commencement of the litigation, and that Document was later designated confidential by another party, nothing in this paragraph shall be construed as prohibiting the party who had the Document or copies thereof in his possession prior to this litigation from retaining the Document or copies thereof that were in his possession prior to this litigation after the conclusion of this litigation.

10. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all of the parties, and it shall be submitted to the Court to be made an Order

of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 28th day of October, 2010.

BY THE COURT:

*[signature]*

U.S. Magistrate Judge